IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| REVSTONE INDUSTRIES, LLC, *et al.*, | : | Case No. 12-13262 (BLS) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| GREENWOOD FORGINGS, LLC., | : | |
| | : | Adv. No. 15-50053 (BLS) |
| Plaintiff/Appellant, | : | |
| v. | : | Civ. No. 18-151 (CFC) |
| ZF CHASSIS COMPONENTS, LLC, *et al.*, | : | |
| Defendants/Appellees. | : | |

## MEMORANDUM ORDER

Greenwood Forgings, LLC ("Greenwood") has appealed a final order issued by the United States Bankruptcy Court granting ZF Chassis Components, LLC's ("ZF") cross-motion for summary judgment and denying Greenwood's motion for summary judgment and motion to strike ZF's cross-motion. *See* D.I. 1-1 (*Memorandum Order Granting ZF Chassis' Cross-Motion for Summary Judgment*) (the "Order"). This Court has jurisdiction over this timely appeal pursuant to 28 U.S.C. §§ 158(a) and 1334(a).

Greenwood's first argument on appeal is procedural. Greenwood faults the Bankruptcy Court for considering and basing its decision on an accord and satisfaction affirmative defense that ZF first raised in its cross-motion for summary

judgment. Greenwood argues that ZF was required to plead this defense in its answer to the Second Amended Complaint under Federal Rule of Civil Procedure 8(c), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7008(a).

The Bankruptcy Court found that because Greenwood learned many months before ZF's cross-motion about the transactions and settlement agreement underlying ZF's accord and satisfaction defense, "[t]he circumstances do not warrant a determination by this Court that ZF waived (or is estopped from) the ability to assert" that defense. D.I. 1-1 at ¶ 17. The Bankruptcy Court, however, did not address specifically in the Order whether Greenwood was prejudiced by ZF's failure to plead the accord and satisfaction defense in its answer.

Under Rule 8(c)(1), "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: accord and satisfaction . . . ." Notwithstanding the explicit mandate of Rule 8(c)(1), failure to plead an affirmative defense does not always result in a waiver of the defense. *Charpentier v. Godsil*, 937 F.2d 859, 863 (3d Cir. 1991). In *Charpentier*, the Third Circuit held that "a defendant does not waive an affirmative defense if [h]e raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond." *Id.* (internal quotation marks and citation omitted) (alterations in original).

When confronted with an argument that a defendant has waived an affirmative defense by not pleading it, "the Court must inquire whether the defendant[ ] violated any scheduling orders in raising the defense for the first time in their summary judgment motions, whether [it] delayed asserting the defense for tactical purposes or any improper reason, *and, most important, whether the delay prejudiced the plaintiff's case.*" *Eddy v. V.I. Water & Power Auth.*, 256 F.3d 204, 210 (3d Cir. 2001) (emphasis added). In this case, I am unable to determine definitively from the Order whether or to what extent the Bankruptcy Court considered in its decision how ZF's delay in raising its accord and satisfaction defense prejudiced Greenwood.[1] Accordingly, I will remand the case so that the Bankruptcy Court can clarify whether and, if so, to what extent Greenwood suffered prejudice because of ZF's delay.

A remand for clarification will have the added benefit of enabling the Bankruptcy Court to bring its considerable expertise to bear in the first instance on Greenwood's arguments on appeal that the transactions underlying ZF's accord and satisfaction defense were setoffs prohibited under sections 548 and 553 of the Bankruptcy Code.

---

[1] In fairness to the Bankruptcy Court, I note that although Greenwood stated in its motion to strike ZF's cross-motion for summary judgment that ZF's delay was "prejudicial," D.I. 8 at GF659, it did not elaborate on this assertion or explain in its motion how it was prejudiced.

3

**WHEREFORE**, at Wilmington on this Twenty-fourth day of June 2019, **IT IS HEREBY ORDERED** that the Bankruptcy Court's January 12, 2018 Memorandum Order Granting ZF Chassis' Cross-Motion for Summary Judgment (D.I. 1-1) is **VACATED** and the case is **REMANDED** for further clarification.

*[signature]*
CONNOLLY, UNITED STATES DISTRICT JUDGE